WARD, Judge.
This is an appeal from a judgment which held that Sam J. Recile owed Lennon Wallace $2,030.00 on a promissory note plus interest, costs, and attorney’s fees. Recile appeals, contending that the Trial Judge erred, first, in permitting Wallace to proceed in the action without the original promissory note, and second, because Wallace filed suit without advertising that the instrument had been lost or without posting bond as the Civil Code requires in suits on lost instruments. Finally, Recile contends that Wallace breached the parties’ agreement when he sued on the first note and remitted the balance of the debt by suing for a portion of the total amount. Because we believe that Wallace must first satisfy the requirements of the Civil Code before bringing suit on a lost note, we vacate the judgment.
Both parties agree that Recile executed two promissory notes payable on demand to Wallace, whom he employed as an attendant for his invalid son. The first note, for $675.00 in wages, was executed on April 25, 1978. The second, for $2,705.00, was executed on July 11, 1978, payable a year from date. Typewritten on the note was a notation: “This note supercedes all previous notes, particularly said note dated April 25th, 1978.”
Wallace testified that soon after receiving the second note in July of 1978, he consulted a lawyer, and gave her the notes to institute collection. Wallace claims to have next heard from his attorney when she sent him a sum of money he understood to be the first installment on Recile’s payment of the debt.
In the meantime, his attorney had filed suit against Recile on the $675.00 note, and she had received a check for $650.00 from Recile’s attorney with a letter stating the check represented “those sums due and owing.” After forwarding this money, less her fee, to Wallace, she notified Recile’s attorney of the amount claimed as due on the second note and demanded payment of it.
When Wallace failed to receive further payment from Recile, he became dissatisfied with his attorney’s services, and obtained his files from her with the help of the" Bar Association, but the promissory notes were not among the materials returned to him.
Wallace hired his present attorney and filed suit for the claimed balance of $2,705.00, attaching a photocopy of the second note. The Trial Judge rendered judgment for that amount in favor of Wallace and against Recile. We, however, believe he erred because Wallace did not satisfy the requirements of Louisiana Civil Code Article 2280:
In every case where a lost instrument is made the foundation of a suit or defense, it must appear that the loss has been advertised within a reasonable time in a public newspaper and proper means taken to recover the possession of the instrument; provided, that advertisement of a lost note shall not be necessary in any case where a surety bond given by a person who owns property liable to seizure, and who is domiciled in the parish where the security is to be given, or a commercial bond issued by an insurance company licensed to do business in the state of Louisiana, is furnished to protect the maker and/or his endorsers of said note from loss resulting from said note falling into the hands of a holder in due course provided that the bond must be in amount equal to the face of the note plus twenty-five percent thereof.
Even though Wallace may be able to prove the contents of the lost note by the photocopy, Article 2280 requires advertisement or posting of bond before the filing of a suit on a lost note to protect the maker, Recile, in the event the original note is negotiated to a holder in due course. Wallace did neither.
*608 Consequently, the judgment against Re-cile is vacated. Therefore, we need not consider Recile’s other assignments of error, including the serious question of whether Wallace remitted the balance of the debt.
VACATED.